## No. 10,843.

### THE STATE OF LOUISIANA VS. J. E. WARREN.

In a capital case, a separation of the jury, part of the jurors remaining without a deputy in charge, while the others are led out of the building, is fatal to the prosecution.

APPEAL from the Twenty-first District Court, Parish of Iberia. *Mouton, J.*

*W. H. Rogers*, Attorney General, for the State, Appellee.

*L. O. Hacker* and *D. Todd* for Defendant and Appellant:

Where, in a capital case, the jury is proved to have separated after they have retired to deliberate—especially where the proof is that a part of the jury remained for a time out of the court-house, out of sight and out of hearing of the remainder, bad conduct will be presumed, and a verdict of guilty will be set aside. 8 Rob. 554; State vs. Hornsby, 21 An. 321; State vs. Evans, 23 An. 213; 41 An. 689; State vs. David Nockum, Waterman's Dig. p. 454, Nos. 151, 152, 153, 154, 155; Wharton's Crim. Law, 789.

The opinion of the court was delivered by

BERMUDEZ, C. J.    The defendant was prosecuted for administering poison with intent to commit murder.

He was convicted and sentenced to hard labor for life.

During the trial he took several bills of exception.    After verdict he made a motion for a new trial and a motion in arrest of judgment.

Relief having been denied him, he appeals.

It is unnecessary to pass on the bills and on the motion in arrest.

The motion for a new trial charges that, after the jury had retired to deliberate on their verdict, they were separated.    The record shows that the sheriff conducted four of the jurors from the jury room, through the court room, into the yard, allowing the other

eight to remain in the jury room, up stairs, with no deputy in charge. They were accessible; misconduct is presumed.

In a capital case, separation of the jury, such as thus occurred, is fatal to the prosecution. 8 R. 554; 4 An. 435; 21 An. 321; 23 An. 213; 41 An. 689.

The dereliction on the part of the sheriff is censurable.

It is therefore ordered and decreed that the verdict in this case be set aside, and the sentence upon it avoided and reversed; and it is now ordered and adjudged that the case be remanded to the lower court for further proceedings according to law.